## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS GLICK DIAMOND CORP.,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CRAIG DRAKE, Sr.,** *et al.,* | : | **FILED** |
| *Defendants.* | : | No. 09-5970 |
| | : | 'JAN 11 2011 |
| | : | MICHAEL E. KUNZ, Clerk |
| | | By_____ Dep. Clerk |

## MEMORANDUM

PRATTER, J.                                                        JANUARY 10, 2010

### INTRODUCTION

The Plaintiff, Louis Glick Diamond Corp. ("Glick"), has sued a father and son -- Craig

Drake, Sr. and Craig Drake, Jr. -- alleging that the two men have failed to fulfill a contractual

obligation to reimburse Glick for a payment of $684,324.82 that Glick was required to make to

Brown Brothers Harriman ("BBH") after the Drakes defaulted on loan obligations to BBH.

Glick has filed a Motion for Summary Judgment, which is unopposed.[1] For the reasons

set forth below, the Motion will be granted.

### JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1]      The Motion (Docket No. 9) was filed on October 7, 2010.

On December 3, 2010, the Court ordered that if the Drakes did not submit a response in opposition to the Motion by December 31, it would be considered as unopposed (Docket No. 11). As of the date of this Memorandum and Order, the Drakes have not filed any response. Nonetheless, the Court reviews the Motion for its substantive merit.

## FACTUAL AND PROCEDURAL BACKGROUND

The circular relationship between the major actors in this case arose from various facets of their participation in the jewelry business and the financing thereof. Early in the last decade, Glick, a New York firm, consigned diamond jewelry to the Defendants' company, Craig Drake Mfg., Inc. ("CDMI"), a Philadelphia jewelry retailer. CDMI financed its business with loans from BBH, the venerable private bank, which took a security interest in CDMI's inventory.

In June of 2004, Glick requested that its own bank, HSBC, issue a Standby Letter of Credit with a face amount that was ultimately fixed at $692,500. In the event that CDMI were to default on its obligations to BBH, that bank would be entitled to draw upon Glick's Letter of Credit. At the same time, Glick would become subrogated to the right of BBH to assume possession of CDMI's collateral, at least up to the value of the Letter of Credit.[2]

In late 2006, CDMI and its two principals – i.e., the father and son defendants – renegotiated their relationship with BBH, promising in an Amended and Restated Promissory Note to pay up to $875,000, plus interest, if CDMI defaulted on its loan, as well as attorneys' fees and costs of recovery associated with default. As in the earlier agreement, BBH retained a security interest in CDMI's inventory, and the two Drakes reaffirmed their respective individual surety and guarantee agreements, which put their personal assets on the hook if the business were to falter.[3]

Also in late 2006, the CDMI and the Drakes executed a Guarantee of Payment in favor of

---

[2]      See Affidavit of Aaron Cohen, Glick's Chief Financial Officer (Ex. 2 to Glick's Motion for Summary Judgment), and Glick's Complaint at ¶ 13.

[3]      See Amended Promissory Note and Amendments (Exs. A-D to the Complaint), and the Suretyship and Guarantee Agreements (Exs. E and F to the Complaint).

Glick, which stated in pertinent part that CDMI and the Drakes themselves would "absolutely unconditionally jointly and severally" (1) reimburse Glick if BBH were to draw upon the Letter of Credit; and (2) pay "all out-of-pocket costs and expenses, including reasonable attorneys fees and legal expenses, paid or incurred by [Glick] in endeavoring to collect the Indebtedness, or any part thereof, and in enforcing this Guaranty."[4]

CDMI failed to make a scheduled payment to BBH on August 6, 2009, and the bank declared CDMI's entire existing loan balance of $684,326.82 to be immediately due and payable, as it was entitled to under the terms of the Amended and Restated Promissory Note.[5] Within a month, BBH drew this exact sum on the Letter of Credit – and Glick, consistent with the terms of the Guarantee of Payment, demanded reimbursement from the Drakes.[6]

Since September 10, 2009, when Glick's demand letter was sent, the Drakes have apparently failed and refused to make the $684,326.82 payment to Glick. On December 15, 2009, Glick filed a two-count Complaint against the Drakes, alleging that they had breached (1) their Guarantee of Payment agreement with Glick, which required them to personally reimburse Glick if BBH drew on Glick's Letter of Credit; and (2) their Amended and Restated Promissory Note agreement with BBH, which triggered the bank's right to draw on Glick's Letter of Credit. In answering the Complaint on April 16, 2010, the Drakes did not deny its central allegations,

---

[4]        *See* Guarantee of Payment (Ex. G to the Complaint), and also Mr. Cohen's Affidavit.

[5]        *See* Letter from BBH to CDMI, dated August 20, 2009 (part of Ex. 3 to the Motion for Summary Judgment), and also Mr. Cohen's Affidavit.

[6]        *See* Mr. Cohen's Affidavit, stating that BBH drew on the Letter on September 3, 2009; that Glick immediately reimbursed HSBC; and that Glick sent a demand to CDMI on September 10.

and they indeed acknowledged that they have not paid Glick.[7]

## LEGAL STANDARD

Upon motion of a party, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" only if it could affect the result of the suit under governing law. *Id.*

Evaluating a summary judgment motion, the court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477

---

[7]     "It is admitted that BBH made a draw on the Letter of Credit" (¶ 31); "it is admitted that Plaintiff made a demand upon the Defendants" (¶ 24); "it is admitted that the Defendants have not paid the amounts demanded by Plaintiff" (¶ 20). Glick says that Defendants have in essence ceased to defend themselves. They have not served Rule 26 disclosures on Glick, nor have they responded or requested an extension to respond to Glick's discovery requests or taken any discovery of their own. *See* Glick's Summary Judgment Memorandum at 2.

U.S. 217, 322 (1986); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

The Court bears in mind that the "underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." *Walden v. Saint Gobain*, 323 F. Supp. 2d 637, 642 (E.D. Pa. 2004).

## DISCUSSION

The record in this case includes the relevant contractual agreements, as well as an affidavit from Aaron Cohen, Glick's chief financial officer, whose version of events is consistent with that taken by his employer in its filings. The Amended and Restated Promissory Note and the Guarantee of Payment are clear on their faces. These documents – along with the Suretyship and Guarantee Agreements attached as Exhibits E and F to the Complaint – indicate that Craig Drake, Sr. and Craig Drake, Jr. were personally liable for CDMI's loan obligations to BBH, and that in the event of CDMI's failure to meet those obligations, they were also personally liable for CDMI's obligation to repay Glick if BBH drew on the HSBC Letter of Credit.

The Drakes have provided no alternative interpretation of the relevant contracts. They acknowledge that they have not paid Glick, and do not contest that CDMI failed to satisfy its loan obligations to BBH, or that BBH subsequently drew on the Letter of Credit. Thus, there is ample evidence in the record that would allow a finder of fact to conclude that the Drakes breached their contractual obligations, and none that would give rise to the opposite conclusion.

CONCLUSION

Given that there is no genuine issue of material fact which could permit a reasonable jury to find in favor of the Drakes as to the issue of breach of contract, Glick's Motion for Summary Judgment will be granted. An Order to this effect follows.[8]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[8]    This Order settles the question of liability, and provides a simple process through which the Court shall make a future determination as to the issue of damages.

6